### BREWER v STATE

Ohio Appeals, 4th Dist, Gallia Co

No. 133. Decided October 17, 1929

Mr. R. M. Switzer, Gallipolis, for Brewer.
Mr. Harry M. Miller, Gallipolis, for State.

## BY THE COURT

It is contended that this record should not have been admitted for the reason that no testimony followed its admission that the plaintiff in error is and was the same person charged and found guilty in the case aforesaid. The only evidence connecting plaintiff in error with the case before the justice is his answer to the following question submitted to him on his direct examination:

"Q Will you please state whether or not you ever plead guilty before justice of the peace Allshouse in Gallipolis Township, Gallia County, Ohio, April 1, 1925, to receiving intoxicating liquors or any other charge?
A I did not."

In a way Brewer's answer to this question might be interpreted as a tacit admission that he was the person named in the case before the justice. On the other hand, however, his answer might well harmonize with the presumption that he was not the defendant on trial in said case and for that reason did not plead guilty as the record shows. At any rate, we are bound to give the accused the benefit of the doubt and hold that on the question of his identity as the defendant named in the prior case the evidence is not sufficient. This conclusion does not require a reversal of the judgment but merely a modification thereof.

So much of the judgment as recites that the accused was guilty as charged in the affidavit of the unlawful possession of intoxicating liquor is affirmed, but so much of the judgment as recites that the accused was guilty of a second offense is vacated. And as the accused was entitled to be sentenced as tho for a first offense and as it appears that he was sentenced as for a second offense the case is remanded to the trial court for resentence. In so doing this court does not mean that it be implied that the new sentence be more or less severe than the original sentence. The only purpose of this is to give the accused the record to which he is entitled.

Judgment modified and case remanded for resentence only.

Middleton, P. J., Mauck and Blosser, JJ., Concur.